**Isaac WASHINGTON, Appellant,**

v.

**The STATE of Texas, Appellee.**
**No. 48415.**

Court of Criminal Appeals of Texas.

May 29, 1974.

———◆———

Victor R. Blaine, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Mike Brown, Asst. Dist. Atty.,

Houston, Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

JACKSON, Commissioner.

The conviction was by the court without a jury of the offense of false imprisonment under Art. 1169, Vernon's Ann.P.C.; the punishment, nine (9) months in the county jail and costs.

It is appellant's contention that the evidence is not sufficient to support the conviction.

Appellant Isaac Washington was in the bail bond business, and had become surety on a bail bond for Dupree, who gave complaining witness Butcher's address. Appellant evidently thought Butcher was the same person as Dupree, or at least that Butcher could tell him where Dupree was.

On the night of February 22, 1972, two men, one of whom worked with appellant in the bail bond business, came to Butcher's apartment and knocked. When he opened the door, they forced it open, "barged" in without his permission, claimed to be Federal Agents, one of them displayed a pistol, put Butcher in fear of his life, and against his will forced him to go in his truck to appellant's office with them. There appellant kept him in his office for about two hours, questioned him about Dupree, threatened him with a Doberman Pinscher dog if he attempted to leave and threatened to "frame" him with a dope charge. After he was allowed to telephone his mother the second time, she having notified the police after the first call, he was allowed to leave. During the entire time he was detained by appellant in his office, Butcher said he was afraid for his life. When he went to his truck to return home, he found a matchbox containing what he believed to be marihuana under the seat, and threw it down on the pavement.

We find the evidence sufficient to sustain the conviction, and affirm the judgment.

Opinion approved by the Court.